UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN HAAS,

    Plaintiff,

v.

DONALD TRUMP, *et al.*,

    Defendants.

Case: 1:17-cv-00861   (F-Deck)
Assigned To : Unassigned
Assign. Date : 5/9/2017
Description: Pro Se Gen. Civil

## **MEMORANDUM OPINION**

Plaintiff, who identifies himself as "Laser" or "Laster the Liquidator," Compl. ¶ 1, generally objects to the nomination of Jay Clayton to head the Securities and Exchange Commission ("SEC"). In plaintiff's view, Mr. Clayton's partnership in the law firm of Sullivan & Cromwell LLP affords Goldman Sachs, the firm's client, undue power and influence. Based on the Court's understanding of plaintiff's claims, the case must be dismissed because it raises a nonjusticiable political question.

"The political question doctrine incorporates three inquiries:

> (i) Does the issue involve resolution of questions committed by the text of the Constitution to a coordinate branch of Government? (ii) Would resolution of the question demand that a court move beyond areas of judicial expertise? (iii) Do prudential considerations counsel against judicial intervention?

*Nat'l Treasury Employees Union v. Bush*, 715 F. Supp. 405, 407 (D.D.C. 1989) (quoting *Antolok v. United States*, 873 F.2d 369, 381 (D.C. Cir. 1989)) (additional citation omitted).

The Constitution of the United States generally "divides the delegated powers of the . . . federal government into three defined categories, legislative, executive and judicial, to assure, as

nearly as possible, that each Branch of government would confine itself to its assigned responsibility." *I.N.S. v. Chadha*, 462 U.S. 919, 951 (1983). The Appointments Clause authorizes the President of the United States to "nominate, and by and with the Advice and Consent of the Senate, . . . appoint [certain] Officers of the United States[.]" U.S. Const. art. II, § 2, cl. 2. An SEC Commissioner is one such appointment. 15 U.S.C. § 78d(a) ("There is hereby established a Securities and Exchange Commission . . . to be composed of five commissioners to be appointed by the President by and with the advice and consent of the Senate."); *see Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 511 (2010) ("Because the [Securities and Exchange] Commission is a freestanding component of the Executive Branch, not subordinate to or contained within any other such component, it constitutes a 'Departmen[t]' for the purposes of the Appointments Clause."). Nothing in the complaint suggests that the President lacks authority to nominate an SEC commissioner, and there is no role for the Court in the appointment process. *See Nat'l Treasury Employees Union*, 715 F. Supp. at 407. Nor does the complaint suggest that the selection of an SEC Commissioner is a matter within the area of judicial expertise, or that there exists any other basis for a federal court's intervention in Mr. Clayton's appointment.

The Court further concludes that dismissal is warranted on a separate ground. "Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). A party has standing for purposes of Article III if his claims "spring from an 'injury in fact' -- an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal

court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Here, the plaintiff does not show that he has suffered or stands to suffer any injury arising from Mr. Clayton's appointment, and therefore he fails to satisfy the "injury-in-fact" requirement of standing. Moreover, since the United States Senate already has confirmed Mr. Clayton's appointment, plaintiff's claims are rendered moot. *See Steffel v. Thompson*, 415 U.S. 452, 460 n.10 (1974) (noting "that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed").

The Court will grant plaintiff's application to proceed *in forma pauperis* and dismiss his *pro se* civil complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE: 5/5/17

United States District Judge